IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3236 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LAURIE SMITH CAMP, Chief U.S. | ) | |
| District Judge, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Samar Akins ("Plaintiff") filed his Complaint (Filing No. 1) on December 9, 2014. Plaintiff has been granted leave to proceed in forma pauperis. This matter is before the court for pre-service screening of the Complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff filed this action against Chief United States District Court Judge Laurie Smith Camp. He alleged Judge Smith Camp violated his right to due process when she "sent orders threatening to dismiss [his] lawsuits" based on his failure to update his address with the court. (Filing No. 1 at CM/ECF p. 1.) He also alleged she "acted with malice, bias, and prejudice and retaliation" when she ordered him to show cause for why filing restrictions should not be imposed against him. (*Id.* at CM/ECF p. 2.) Plaintiff alleged Judge Smith Camp's rulings were made in retaliation for "plaintiff's current petition against her comrade Judge Kopf," the undersigned judge. (*Id.*) For relief, Plaintiff seeks damages in the amount of $100,000.00. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

2

### III. DISCUSSION OF CLAIMS

Plaintiff argues Judge Smith Camp violated his right to due process when she ordered him to update his address with the court or face dismissal of his case, and when she ordered him to show cause for why filing restrictions should not be imposed against him.

A judge is immune from suit in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

The actions of which Plaintiff complains are plainly judicial in nature and taken within Judge Smith Camp's jurisdiction. Ordering Plaintiff to update his address with the court and ordering Plaintiff to show cause for why filing restrictions should not be imposed are acts normally performed by a judge. Further, since January of 2014, Plaintiff has filed 18 cases in this court. One of those cases, Case Number 4:14-cv-03218-LSC-PRSE, was assigned to Judge Smith Camp.[1] By filing the case in the federal district court and then prosecuting it, Plaintiff was dealing with Judge Smith Camp in her judicial capacity. Plaintiff's conclusory assertion that Judge Smith Camp's rulings were retaliatory is insufficient to overcome her immunity from suit.

---

[1]The court notes that in Case Number 4:14-cv-03218-LSC-PRSE, in two separate orders, Judge Smith Camp required Plaintiff to show cause for why filing restrictions should not be imposed, and also required him to update his address with the court. (Case No. 4:14-cv-03218-LSC-PRSE, Filing Nos. 5 and 7.)

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice on the grounds that it seeks relief against a defendant who is immune from suit.

2. A separate judgment will be entered in accordance with this order.

DATED this 22nd day of April, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.